# STATE OF VERMONT

SUPERIOR COURT                                      ENVIRONMENTAL DIVISION
                                                    Docket No. 106-10-18 Vtec

| Punderson 2-Lot Subdivision |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Subdivision (106-10-18 Vtec)

Title:           Motion to Stay (Motion 2)

Filer:           Mary Anne Sullivan, Martha Sullivan, and the Lois Sullivan Revocable Trust

Attorney:        Alexander J. LaRosa

Filed Date:      November 19, 2018

No response filed

**The motion is DENIED AS MOOT, due to automatic stay.**

Mary Anne Sullivan, Martha Sullivan,[1] and the Lois Sullivan Revocable Trust ("Appellants") appeal two interrelated decisions of the Town of Salisbury ("Town") Development Review Board ("DRB") related to property owned by Frank Punderson on Upper Plains Road in Salisbury, Vermont.  First is the DRB's April 30, 2018 decision approving Mr. Punderson's application for a two-lot subdivision.[2]  Next is the DRB's dismissal of Appellants' appeal of the Town Zoning Administrator's decision to approve Mr. Punderson's permit for construction of a single-family, four-bedroom dwelling.[3]  The DRB dismissed the appeal based on its conclusion that Appellants were not interested persons with standing.  Presently before the Court is Appellants' motion to stay any development under the permit for construction of a single-family dwelling.

---

[1] The Court has been made aware that, during the pendency of this appeal, Co-Appellant Martha Sullivan has passed.  The undersigned extends his sympathies to Ms. Sullivan's family.

Upon a formal motion pursuant to V.R.C.P. 25(2), the Court will remove Martha Sullivan from this action as a listed Appellant and will allow the appeal to proceed in the name of the surviving Appellants

[2] The DRB voted to deny Appellants' request for reconsideration of the April 30, 2018 decision at a July 20, 2018 hearing.  Because the DRB did not issue a written decision on Appellants' request, the denial became effective for appeal purposes when the DRB approved the July 20, 2018 meeting minutes at a September 19, 2018 hearing. See In re Appeal of Guerette & Paquette, No. 266-12-02 Vtec, slip op. at 2 (Vt. Envtl. Ct. Apr. 14, 2003) (Wright, J.).

[3] The DRB dismissed Appellants' appeal of the Zoning Administrator's decision at the September 19, 2018 hearing.

We note that Appellants' choice to appeal two separate DRB decisions in the same notice of appeal, and hence the same docket, is unusual.  Given the interrelated nature of the two decisions, we accept what are effectively two appeals in this shared docket.  This Court has broad powers to coordinate related matters to "promote expeditious and fair proceedings and avoid unnecessary costs or delay."  V.R.E.C.P. 2(b).

V.R.E.C.P. 5(e) governs motions to stay before this Court. The Rule provides this Court with discretion to decide whether a stay is warranted, "[u]nless the act or decision appealed from is automatically stayed pursuant to 10 V.S.A. § 8504(f)(1) by the filing of the appeal . . . ." V.R.E.C.P. 5(e); see, e.g., In re Sheffield Wind Project Amended Individual Stormwater Permit, No. 252-10-08 Vtec, slip op. at 3-6 (Vt. Super. Ct. Envtl. Div. Nov. 17, 2010) (Wright, J.) (evaluating the merits of the motion to stay because there was no automatic stay). Under 10 V.S.A. § 8504(f)(1)(B), the filing of an appeal with this Court automatically stays the act or decision appealed from when there was a "denial of interested person status by a board of adjustment, planning commission, or development review board" below. This Court was unable to locate any prior decisions that recognize an automatic stay under § 8504(f)(1)(B).[4]

In the present matter, however, Appellants' appeal of the permit for a single-family dwelling satisfies the conditions for an automatic stay. Mr. Punderson does not argue otherwise. The DRB dismissed Appellants' appeal below because it concluded that Appellants fell outside of the definition of interested persons and did not have standing. Thus, when Appellants filed their notice of appeal on October 5, 2018, § 8504(f)(1)(B) automatically stayed the underlying approval of Mr. Punderson's zoning permit. Accordingly, all development activities on Mr. Punderson's property related to the permit for construction of a single-family dwelling must cease.

Because development pertaining to the permit approved by the Zoning Administrator on June 19, 2018, is automatically stayed by statute, this Court does not have authority to further consider a motion to stay and any attempt to do so would be meaningless. Therefore, Appellants' motion to stay is **DENIED** as moot.

**So Ordered.**

Electronically signed on March 29, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Alexander J. LaRosa (ERN 5814), Attorney for Appellants Mary Anne Sullivan, Martha Sullivan, and the Lois Sullivan Revocable Trust
Ebenezer Punderson (ERN 3701), Attorney for Appellee Frank Punderson
James F. Carroll (ERN 1907), Attorney for the Town of Salisbury

---

[4] In In re RACDC Retention Pond, the municipal panel dismissed the appellant's appeal for lack of standing. No. 62-5-12 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Jan. 29, 2013) (Walsh, J.). On appeal, this Court observed that § 8504(f)(1)(B) would apply to the situation if not for the fact that the decision appealed from was the town administrator's decision *not* to pursue enforcement of an alleged permit violation. Id. at 5-6. Thus, the appeal was premised on inaction and there was nothing to stay.